**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 96-4894

MARCUS A. STEWART,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Malcolm J. Howard, District Judge.
(CR-93-27-H)

Submitted: July 31, 1997

Decided: October 21, 1997

Before MURNAGHAN and NIEMEYER, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

G. Alan DuBois, Assistant Federal Public Defender, Raleigh, North
Carolina, for Appellant. Cynthia Tompkins, OFFICE OF THE
UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appel-
lee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Marcus A. Stewart was convicted by a jury of embezzling mail as a postal employee in violation of 18 U.S.C. § 1709 (1994). Stewart filed a timely appeal, and his counsel filed a formal brief pursuant to Anders v. California, 386 U.S. 738 (1967), in which he certified that there were no meritorious issues for appeal. Nonetheless, he presented one issue: whether sufficient evidence supported the jury's conviction. The time for filing a supplemental brief has passed, and Stewart has not responded. Finding that the prosecution presented sufficient evidence to convict Stewart of the crime charged, we affirm.

This court reviews sufficiency of the evidence deferentially, sustaining the verdict if the evidence, viewed in the light most favorable to the government, is such that a rational trier of fact could find guilt beyond a reasonable doubt. Glasser v. United States, 315 U.S. 60, 80 (1942). "[A]n appellate court's reversal of a conviction on grounds of insufficient evidence should be `confined to cases where the prosecution's failure is clear.'" United States v. Jones, 735 F.2d 785, 791 (4th Cir. 1984) (quoting Burks v. United States, 437 U.S. 1, 17 (1978)). Circumstantial as well as direct evidence is considered, and the government is given the benefit of all reasonable inferences from the facts proved to the facts sought to be established. United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982).

To establish that Stewart violated § 1709, the prosecution must show that: (1) Stewart was an employee of the United States Postal Service; (2) he embezzled a letter that came into his possession as a result of his employment; and (3) the letter was intended to be conveyed by mail.

The evidence here easily satisfied the Glasser test of sufficiency as to each of the elements. Testimony at Stewart's trial disclosed that he

2

began working as a mail carrier for the United States Postal Service in 1984. Stewart handled five different mail routes and would cover a different route on each day of the week. As a mail carrier, Stewart was required to sort and deliver all the mail going to the homes on his route and to pick up any outgoing mail. In May 1991, Stewart left an automobile at an auto shop. In August 1991, after Stewart had failed to pick up the automobile, an auto mechanic searched the car and inventoried its contents. The auto mechanic found several pieces of mail not addressed to Stewart and notified the United States Postal Inspector (the Inspector).

The Inspector went to the auto shop and recovered sixteen identifiable pieces of mail from the trunk of the automobile. All of the pieces of mail had been opened. At least some of the mail was addressed to residences on Stewart's delivery routes. Inside one of the packages, the Inspector found a piece of paper on which Stewart's fingerprint was later discovered. A jury found Stewart guilty, and he was sentenced to eight months incarceration.

From this evidence, a jury could reasonably infer that Stewart intended to embezzle the pieces of mail found in the automobile and could find that the prosecution established the elements of the charged offense beyond a reasonable doubt. Although the prosecution did not provide direct evidence of Stewart's guilt, circumstantial evidence is sufficient to support his conviction. Tresvant , 677 F.2d at 1021. Furthermore, it is not necessary for circumstantial evidence to exclude every reasonable hypothesis of innocence. United States v. Jackson, 863 F.2d 1168, 1173 (4th Cir. 1989); United States v. Bobo, 477 F.2d 974, 989 (4th Cir. 1973). There is evidence from which a reasonable trier of fact could have found Stewart guilty beyond a reasonable doubt. Tresvant, 677 F.2d at 1021.

Therefore, we affirm Stewart's conviction. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on his client. We dispense with oral argument because the facts and legal contentions are adequately presented

3

in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4